NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50206 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00067-RGK-4 |
| v. | |
| ISMAEL TORRES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted August 14, 2020**
Pasadena, California

Before: CALLAHAN, BUMATAY, and VANDYKE, Circuit Judges.

Ismael Torres appeals his jury conviction for conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. Because the parties are familiar with the facts, we do not recite them here except as necessary.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torres makes two main arguments on appeal. First, he argues that the district court erred in admitting evidence related to his twelve-year-old marijuana-trafficking conviction. Second, Torres contends there was insufficient evidence to support his conspiracy conviction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We review the district court's admission of "other crimes" evidence for an abuse of discretion. *United States v. Vo*, 413 F.3d 1010, 1017 n.4 (9th Cir. 2005). Such evidence is admissible under Rule[1] 404(b) if:

> (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged.

*Id.* at 1018 (citation omitted).

With respect to the first factor, "[w]e have consistently held that evidence of a defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to issues of intent [and] knowledge … in prosecutions for possession of, importation of, and intent to distribute narcotics." *Id.* (citation omitted). Here, evidence of Torres's prior conviction for the offenses of possession for sale of marijuana and sale or transport of marijuana was offered to rebut his purported lack of knowledge of the current offense—conspiracy to distribute and possess with intent to distribute

---

[1] Any reference to "Rule" herein refers to the Federal Rules of Evidence.

cocaine. The record supports the conclusion that Torres put his knowledge of the conspiracy at issue.[2] And the district court did not allow the government to introduce this evidence until after it determined that Torres had put at issue his knowledge and intent. Evidence related to Torres's prior conviction was thus relevant to demonstrate his knowledge of the current conspiracy to distribute cocaine.

Torres contends that the evidence of his prior conviction is time barred.[3] But this Court in *Vo*, in concluding that the district court did not abuse its discretion in admitting evidence of a thirteen-year-old conviction, recognized that our "court has not identified a particular number of years after which past conduct becomes too remote." 413 F.3d at 1019 (alteration marks omitted). Torres's twelve-year-old conviction is not too remote in time under the second factor.

As for the third factor, there is no concern regarding the sufficiency of the evidence, which consists of a certified copy of a criminal complaint with Torres's name and date of birth, and is accompanied by a guilty plea and judgment in the same case. With respect to the similarity of the prior and current offenses under the fourth factor, "[w]hen offered to prove knowledge, … the prior act need not be

---

[2] Torres's argument that the sole purpose for introducing this evidence was to establish that Torres goes by a particular alias and thereby tie him to a cell phone registered under such alias is unsupported by the record.

[3] More specifically, Torres asserts that his prior conviction is time barred under Rule 609. But the government offered—and the district court admitted—the relevant evidence pursuant to Rules 403, 404(b), and 803(8), not Rule 609. Rule 609 involves "attacking a *witness's* character" with a prior conviction, Fed. R. Evid. 609(a) (emphasis added), and Torres did not testify as a witness in this case. Rule 609 is therefore inapplicable.

3

similar to the charged act as long as the prior act was one which would tend to make the existence of the defendant's knowledge more probable than it would be without the evidence." *Vo*, 413 F.3d at 1018 (alterations in original) (citation omitted). Torres's prior marijuana-trafficking conviction makes it more likely that he knew of the cocaine-trafficking conspiracy here, and that he was not just an innocent bystander at the scene of arrest.

When the four factors for admission under Rule 404(b) are satisfied, as they are here, "the district court must determine whether the probative value of admission outweighs the prejudice to the defendant" under Rule 403. *Id.* Torres contends that the district court was bound by its previous ruling that "the probative value [of the evidence] still is not sufficient to outweigh the prejudicial value" because Torres did not trigger either of the conditions set by the district court for admission of the evidence—that Torres testify or that he open the door on cross-examination as to his knowledge of the wrongdoing. But, as discussed above, Torres *did* put his knowledge of the offense at issue, the district court acknowledged as much before admitting the evidence, and the evidence was probative to demonstrate that he was familiar with drug trafficking generally and was more likely to know about the current trafficking offense.

While the district court did not recite any magic words at the time it admitted the evidence (*e.g.*, that "the probative value of the evidence now outweighs the

4

prejudice"), it is clear from (1) the district court's initial refusal to admit the evidence; (2) its exchange with Torres's counsel regarding the probative value of the evidence at the time of admission; and (3) its requirement that an irrelevant portion of the evidence be redacted that the district court appropriately determined that the probative value of the evidence outweighed its prejudicial nature. *See United States v. Morris*, 827 F.2d 1348, 1350 (9th Cir. 1987) ("The district court need not have mechanically cited the [R]ule 403 formula if it appears from the record as a whole that the trial judge adequately weighed the probative value and prejudicial effect of proffered evidence before its admission.") (citation and quotation marks omitted).

Accordingly, the district court did not abuse its discretion in admitting evidence of Torres's prior conviction.

2.      Torres also argues that the evidence supporting his conviction was insufficient.[4]   In reviewing the sufficiency of the evidence, we must "determine whether after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (emphasis in original) (citation and quotation marks omitted).   "The standard of review employed in sufficiency of the evidence cases is highly

---

[4] The government contends that Torres waived his sufficiency of the evidence challenge by failing to raise it in his motion for acquittal.  Assuming without deciding that Torres did not waive this challenge, we still conclude that the sufficiency of the evidence standard has been met.

deferential." *United States v. Rubio-Villareal*, 967 F.2d 294, 296 (9th Cir. 1992) (en banc).

The thrust of Torres's argument is that his conviction was ultimately based on inferences made from the prior conviction evidence discussed above and that, without such evidence, the government failed to show he was the person who sent the incriminating text messages that tied him to the conspiracy. But his rationale fails. Even without the prior conviction evidence (and any inferences made therefrom), the government introduced extensive evidence connecting Torres to the text messages and thus the conspiracy. There was, therefore, sufficient evidence from which a rational jury could conclude that Torres was guilty of conspiracy to distribute and possess with intent to distribute cocaine.

All of Torres's other arguments have been considered and they are without merit.

**AFFIRMED.**